| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| **MONIQUE SCRANTON and KAREY SCRANTON,** | § <br> § <br> § |
| **Plaintiffs,** | § <br> § |
| | § <br> **CIVIL ACTION NO. 1:24-CV-00482-MAC** |
| **versus** | § <br> § <br> § |
| **DITECH FINANCIAL, LLC and NEWREZ, LLC d/b/a/ SHELLPOINT MORTGAGE SERVICING,** | § <br> § <br> § <br> § |
| **Defendants.** | § <br> § |

## MEMORANDUM AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, this proceeding was referred to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

I.    Background

This case was removed from state court on December 5, 2024. *See* (#1). Plaintiffs Monique Scranton and Karey Scranton dispute Defendant Newrez LLC (Shellpoint[1])'s claim of ownership over two "described tracts of land out of Outer Block No. Thirty (30) of the Town of Liberty, in the Liberty Town East League, Abstract 359, Liberty County, Texas" (the Property). (#29-2 at 3). The dispute spawns out of a December 13, 2004 agreement where Plaintiffs took

---

[1] As Judge Stetson explained, Newrez's subsidiary, Shellpoint Mortgage Servicing, currently holds the property interest contested here. *See* (#41 at 3 (citing (#3 at 1, 4))). To accord with the Report and Recommendation and the summary-judgment briefing, this memorandum and order will refer to Newrez as "Shellpoint."

out a home-equity loan with "Jim Walter Homes Inc." (#41 at 2). The parties signed a mechanic's lien contract and a retail installment contract as part of this transaction. (#29-1 at 6–10, 14–17). In the retail installment contract, Plaintiffs granted Jim Walter Homes "a purchase money security interest, described as a contractual mechanic's lien, on the House to be constructed." (*Id.* at 15, ¶ 10). Plaintiffs agreed that the security interest would "attach[] to the real property upon which the House is to be constructed (and which is described above and . . . in the [m]echanic's [l]ien [c]ontract)." (*Id.*)

On November 28, 2025, Shellpoint, which currently holds this security interest (*id.* at 3, ¶¶ 7–8) moved for summary judgment on all of Plaintiffs' claims, asserting both statute-of-limitations and merits-based arguments. (#29 at 7–12). Plaintiffs responded (#31) on December 19, 2025, Shellpoint timely replied (#32), and on December 29, 2025, Plaintiffs filed a sur-reply (#33). On February 20, 2026, Judge Stetson issued a Report and Recommendation (#41) that recommended granting summary judgment in Shellpoint's favor. Plaintiffs timely objected (#42) to the Report and Recommendation, and Shellpoint has responded (#43) to their objections.

II.    <u>Standard of Review</u>

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc) ("Frivolous,

conclusive or general objections need not be considered by the district court."), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

III.   Analysis

Judge Stetson found Plaintiff's state-court petition, the operative pleading here, to raise three "non-monetary" causes of action: "(1) a declaratory judgment that the mechanic's lien contract is 'void and unenforceable;' (2) a declaratory judgment that the July 3, 2018 foreclosure 'was invalid;' and (3) a court order 'granting [Plaintiffs] free and clear title' of the Property."[2] (#41 at 5; #3 at 11).   Judge Stetson rejected all theories Plaintiffs offered to invalidate the mechanic's lien contract. *See* (#41 at 7–9). Judge Stetson also found that Plaintiffs' wrongful-foreclosure claim failed as a matter of law for inadequate pleading and lack of evidence. (*Id.* at 9–10).   As Shellpoint's lien was valid, Plaintiffs' title-related relief also failed. (*Id.* at 11). Accordingly, Judge Stetson recommended that this court grant summary judgment.

Plaintiffs make "four specific objections" to the Report and Recommendation (#42 at 2). Before turning to the substance, the court addresses two initial matters that the filing raises.

A.   Initial Matters

*First*, Plaintiffs' objections span nine pages.[3]  As Plaintiffs were advised in the Report and Recommendation, however, such objections are limited to eight pages.  *See* (#41 at 14); E.D. TEX. LOC. R. CV-72(c).   The court accordingly **STRIKES** the ninth (and tenth) page(s) of Plaintiff's objections and will not consider them in its review.[4]

---

[2] Plaintiffs do not object to that characterization of their claims, and this court's own reading of the relevant documents confirms it; thus, the court's analysis adopts Judge Stetson's description of this case.

[3] They span ten pages, but the tenth contains only a signature block and certificate of service.

[4] This does not prejudice Plaintiffs since all their objections will still be considered; most of the ninth page is a conclusion rehashing Plaintiffs' arguments. *But see infra* note 8 (stating independent grounds to deny relief requested in briefing contained on page nine).

*Second*, Plaintiffs do not object to the recommendation to grant summary judgment on Plaintiffs' wrongful-foreclosure claim, which Judge Stetson found to be legally insufficient on multiple grounds. *See* (#41 at 9–10). The court has received and considered the recommendation on this claim, along with the record, pleadings and all available evidence. After careful review, the court finds that the findings of fact and conclusions of law of the United States Magistrate Judge are correct. As such, this recommendation is **ADOPTED**. Shellpoint's motion for summary judgment is **GRANTED** as to Plaintiff's wrongful-foreclosure claim.[5]

B.    Plaintiffs' Objections

Judge Stetson read Plaintiffs' state-court petition to offer three reasons to invalidate the mechanic's lien contract that created Shellpoint's interest in the Property. *See* (#41 at 5). Judge Stetson found the second and third rationales baseless because they are directly contradicted by the mechanic's lien contract itself. (*Id.* at 9). Plaintiffs do not object to these findings, and the record confirms that the findings are correct. *See* (#29-1 at 10, 17). As such, the first reason— alleged flaws with the execution of a December 15, 2004 correction deed, which three of Plaintiffs' objections concern (#42 at 2)—is the focus of this review.

Judge Stetson addressed the alleged issues with the correction deed. *See* (#41 at 7–9). She found, however, that Plaintiffs' attempt to invalidate the mechanic's lien was time-barred, even if the correction deed's execution did not substantially comply with Texas Property Code Section 5.028 or 5.029, because such noncompliance would only render the deed voidable. (*Id.* at 8). Under Texas law, "when a deed is merely voidable and . . . the court must first be invoked to cancel the deed before a suit can be maintained at law to recover the land, then the four-year

---

[5] Similarly, Plaintiffs do not object to granting summary judgment against them on their title-related claim. That claim, however, depends on the court's resolution of Plaintiffs' lien-validity-related objections. Thus, despite no explicit objection to it, that recommendation cannot be adopted before the court reviews the lien-related claim.

4

statute [of limitations] controls." *Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942).  Since four years had passed since the correction deed's execution, Judge Stetson concluded that Plaintiffs "filed this suit too late."  (#41 at 11).

Plaintiffs do not object to the time bar.  Their objections pertain to Judge Stetson's findings on Plaintiffs' "forgery theory."  *See* (*id.* at 11–12).  Indeed, in response to Shellpoint's motion for summary judgment, Plaintiffs claim that their petition pleaded a fourth reason to invalidate the mechanic's lien contract:  the December 15, 2004 correction deed was forged.  A forged deed is a void deed under Texas law, and unlike with voidable deeds, challenges to void deeds are not subject to a statute of limitations.  *See, e.g.*, *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007).  Nevertheless, Judge Stetson determined that this challenge had no bearing on the outcome of this suit because the correction deed has no legal effect on the mechanic's lien or retail installment contracts.  (#41 at 12–13).

### 1.    Plaintiffs' Objection 1

Plaintiffs first object to the finding that the mechanic's lien and retail installment contracts referred to Exhibit E for their descriptions of the Property.  *See* (#42 at 2).  Plaintiffs claim that Judge Stetson resolved a dispute of fact in favor of the nonmovant to make this finding.  (*Id.* at 3–4).  Plaintiffs point to their allegations and affidavit testimony about after-the-fact edits made to the contracts and raise that, when signing the contracts, it was orally agreed that only some, but not all, of the Property would be collateral for the loan.  *See* (*id.*; #s41 at 12; 31-1 at 4, ¶ 16).  Shellpoint responds that Plaintiffs merely complain that "the Magistrate judge improperly failed to credit the[ir] self-serving affidavits."  (#43 at 6).  It believes that Judge Stetson "was correct in deferring to the written terms of the contract" because Plaintiffs' contrary assertions "are not supported by any other document in the case."  *See* (#43 at 6).

Judge Stetson did not err in accepting the written terms of the contract. "[A]ffidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 726 (5th Cir. 2020) (referencing *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)). The only evidence that "Exhibit E" was not in the contracts are Plaintiffs' two affidavits. (#s31-1 at 3–4, 31-2 at 2). However, "without more, a vague or conclusory affidavit is insufficient to create a genuine issue of material fact in the face of conflicting probative evidence." *Kariuki v. Tarango*, 709 F.3d 495, 505 (5th Cir. 2013); *accord Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 227–28 (5th Cir. 2018). As Plaintiffs provide no evidence other than their affidavit testimony, they have not created a factual dispute over whether Exhibit E was listed as collateral in the contracts at the time of signing.

Moreover, even if the affidavits could be credited, they are parol evidence. Plaintiffs have not shown, nor attempted to show, any grounds to justify consideration of such evidence here, and under Texas law, "resort to extrinsic evidence, where proper at all, is not for the purpose of supplying the location or description of the land." *See, e.g.*, *Swinehart v. Stubbeman, McRae, Sealy, Laughlin & Browder, Inc.*, 48 S.W.3d 865, 878 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (quoting *Wilson v. Fisher*, 188 S.W.2d 150, 152 (1945)).

2.    Plaintiffs' Objection 2

Plaintiffs' second objection, to the extent it does not attempt to restyle their theories in a novel way, faults the Report and Recommendation for finding that the correction deed was "independent" of the mechanic's lien contract. *See* (#42 at 4–6). Plaintiffs claim that it was legal error to treat the correction deed as separate from the mechanic's lien contract. *See* (*id.* at 5). But Plaintiffs misread the law that they cite. The "well established principle" that "separate

6

documents executed at the same time, for the same purpose, and in the course of the same transaction are to be construed together" only applies when "construing the contract . . . in order to ascertain the entire agreement between contracting parties." *Jim Walter Homes, Inc. v. Schuenemann*, 668 S.W.2d 324, 327 (Tex. 1984).

Here, Plaintiffs are not asking the court to reinterpret the contracts; they are requesting invalidation of the contracts. Such relief cannot be granted by a simple matter of interpretation. Otherwise, Plaintiffs offer no support showing that the magistrate judge was incorrect in finding that the correction deed, forged or not, has no effect on the mechanic's lien contract. After reviewing the relevant documents (#s29-1, 29-4) and applicable law, the court agrees with the Report and Recommendation's thorough explanation (#41 at 12–13 & n.13). The December 15, 2004 correction deed has no legal effect on the validity of the home-equity loan transaction, even if it was created as part of one big "fraudulent scheme."[6] (#42 at 5).

### 3. Plaintiffs' Objection 3

Plaintiffs next object to Judge Stetson's conclusion that "Plaintiffs' forgery theory was 'not properly before the court' because it was raised only in the summary judgment response, not the operative pleading." (#42 at 6). Below, there were issues around whether Plaintiff's forgery theory was properly before the court. *See* (#s41 at 11–12 & n.12). Plaintiffs maintain that it is (#42 at 6–8), and Shellpoint continues to assert that it is not (#43 at 1–3). Nonetheless, as Judge Stetson found, and as this court has now confirmed, the correction deed, even if forged, would not affect Shellpoint's interest in the Property.

---

[6] If this was a contract-interpretation action, Plaintiffs' principle would still not apply to the correction deed, which plainly was not "executed at the same time, for the same purpose, and in the course of the same transaction" as the mechanic's lien and retail installment contracts, and thus not inextricably part of them. *Jim Walter Homes, Inc.*, 668 S.W.2d at 327; *see* (#3 at 3).

Judge Stetson also entertained the propriety of construing the void-correction-deed issue as an independent declaratory-judgment claim.  (#41 at 11).  She ultimately cautioned against that because it would permit Plaintiffs to improperly raise a new legal claim.  In their objections, Plaintiffs accept that "an entirely new legal claim" cannot be raised for the first time in response to a summary-judgment motion (#42 at 8); instead, for the first time, Plaintiffs request that the court grant them leave to amend their pleading.  Amendment would be improper, however, because the uncontroverted evidence precludes all current claims as a matter of law, and since "Plaintiffs forfeited their [request to amend] by raising it for the first time in their objection to the magistrate judge's Report and Recommendation."  *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994)).

### 4.    Plaintiffs' Objection 4

Last, Plaintiffs object to the Report and Recommendation "not mention[ing], let alone analyz[ing], Plaintiffs' alternative request under Federal Rule of Civil Procedure 56(d)."  (#42 at 8).  The Report and Recommendation did not entertain this request, so this court will.

"Rule 56(d) motions for additional discovery are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'"  *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).  "Nevertheless, non-moving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'"  *Id.* (quoting *Raby*, 600 F.3d at 561 (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir.1980))).  "Instead, the non-moving party must 'set forth a plausible basis for

believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *Raby*, 600 F.3d at 561 (quoting *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir.1998))).

In their response to Shellpoint's summary-judgment motion, Plaintiffs state that "many of the key facts necessary to fully test Shellpoint's assertions remain in the exclusive possession of Shellpoint, its predecessors, and third-party witnesses." (#31 at 31). These are simply "vague assertions that additional discovery will produce needed, but unspecified, facts."[7] *Biles*, 714 F.3d at 894. Further, when "the nonmoving party has not diligently pursued discovery of the evidence, the court need not accommodate the nonmoving party's belated [Rule 56(d)] request." *Migdon v. 171 Holdings, L.L.C.*, No. 23-30281, 2024 WL 1531446, at *4 (5th Cir. Apr. 9, 2024) (quoting *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).

Here, Plaintiffs make no showing of diligence. As Shellpoint points out, Plaintiffs "should have pursued [their requested discovery] during the 7-month discovery period under the Court's Scheduling Order," but "[t]hey did not." (#43 at 4). Accordingly, and since Plaintiffs did not timely specify "what sort of discovery was needed, why it was not already obtained, and how it might affect the dispositive issues in the case" (*id.*), Plaintiffs are not entitled to Rule 56(d) discovery and the court need not defer ruling on Shellpoint's summary-judgment motion.

---

[7] Plaintiffs offer a more specific idea of what discovery they might seek in their objections, but only on page nine, which has been struck. If that page was before the court, the argument therein would not justify granting additional discovery because it was not sufficiently briefed until Plaintiffs' objections. *See Cupit*, 28 F.3d at 535 n.5 (quoting *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988)) ("A party has a duty to put its best foot forward" and "spell out its arguments squarely and distinctly" in its briefing before the magistrate judge. "One should not be allowed to defeat the system by seeding the record with mysterious references to unpled claims, hoping to set the stage for an ambush should the ensuing ruling fail to suit.").

All of Plaintiffs' objections are **OVERRULED**. Shellpoint's motion for summary judgment is **GRANTED** as to Plaintiffs' invalid-lien declaratory-judgment claim. Additionally, with no basis to invalidate Shellpoint's interest in the Property, Shellpoint's motion is also **GRANTED** as to Plaintiffs' title-related relief. *See* (#41 at 11).

### C.    Remaining Matter

Judge Stetson also recommended denying Shellpoint's motion for judgment on the pleadings as moot. *See* (*id.* at 13). No party objected to this recommendation. Judge Stetson based this recommendation upon granting Shellpoint's summary-judgment motion. As this court similarly concludes that Shellpoint is entitled to summary judgment, Shellpoint's Rule 12(c) motion is **DENIED as moot**.

## IV.    Order

Plaintiffs' Objections (#42) are **OVERRULED**; Shellpoint's Motion for Judgment on the Pleadings (#28) is **DENIED as moot**; and Shellpoint's Motion for Summary Judgment (#29) is **GRANTED**. A final judgment will be entered.

SIGNED at Beaumont, Texas, this 24th day of March, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE